**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2517
_____

UNITED STATES OF AMERICA

v.

LORENZO SCOTT,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4:20-cr-00065-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 8, 2025

Before: SHWARTZ, FREEMAN, and RENDELL, *Circuit Judges*

(Opinion filed: July 10, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

A jury convicted Lorenzo Scott of two assault counts for which the District Court imposed consecutive terms of imprisonment. Scott appeals his sentence on double-jeopardy grounds, arguing that the two counts of conviction merge for sentencing purposes. We will affirm the judgment.

Scott was convicted of assault with intent to commit murder, in violation of 18 U.S.C. § 113(a)(1) ("section (a)(1)"), and assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) ("section (a)(6)"). Both offenses involved the same victim: Larry McCoullum.[1]

Facially, the two counts are distinct offenses. A conviction for violating section (a)(1) (but not section (a)(6)) requires intent to commit murder (regardless of any injury that results), while a conviction for violating section (a)(6) (but not section (a)(1)) requires that serious bodily injury result (regardless of the assailant's intent). So each count requires proof of an element not required by the other count, making them different offenses under the *Blockburger* test. *See United States v. Miller*, 527 F.3d 54, 70–71 (3d Cir. 2008); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Despite this facial application of *Blockburger*, Scott argues that the jury instructions at his trial turned the two counts into one under the *Blockburger* test. *See*

---

[1] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our review of double-jeopardy challenges is plenary. *United States v. Rigas*, 605 F.3d 194, 203 n.7 (3d Cir. 2010) (en banc).

*United States v. Centeno*, 793 F.3d 378, 392 (3d Cir. 2015). He points to the District Court's instruction that the intent element of section (a)(1) can be satisfied through recklessness.[2] And he says the government has acknowledged in other cases that causing serious bodily injury with a reckless mental state suffices for a conviction under section (a)(6).

This is of no moment. The *Blockburger* test turns on the differences, if any, between two counts of conviction, not the commonalities. Despite any seeming overlap in their requisite mental states, each of Scott's two counts of conviction (facially and as charged to the jury) required proof of an element not required by the other count. Thus, the two counts are different offenses that do not merge for sentencing purposes.

\*　　\*　　\*

For the foregoing reasons, we will affirm the judgment.

---

[2] The District Court instructed the jury that it could only convict Scott of violating § 113(a)(1) if government proved (1) that "Scott intentionally struck Larry McCoullum," and (2) that "Scott did so with the intent to commit murder." App. 298. As to the intent element, the Court explained that "[i]t is sufficient if you find that Mr. Scott exhibited recklessness or was aware of, but indifferent to the serious risk of death." *Id.*

For the § 113(a)(6) count, the Court instructed that the government had to prove (1) that "Scott intentionally struck Larry McCoullum," and (2) that, "as a result of this assault, Larry McCoullum suffered serious bodily injury." App. 299.